UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICHARD KELLY BEAN and REGENA MCNEELY-BEAN, individually, and as next friends of S. BEAN <br><br> Plaintiffs, <br><br> v. <br><br> WAL-MART STORES, INC., <br><br> Defendant. | CIVIL ACTION NO. 4:07-cv-3201 <br><br> Jury demanded |

Pending before the Court is Defendant's Motion for Summary Judgment. (Doc. No. 14.) After considering parties' arguments and the relevant law, the Court finds that Defendant's Motion should be denied.

I. INTRODUCTION

This case involves an incident at Wal-Mart store #951 in Hempstead, Texas. On May 25, 2007, S. Bean, then three years old, and her brother, B. Bean, then one year old, were in the restroom with their mother, Regena McNeely-Bean. S. Bean's right middle finger was crushed in the hinge of a bathroom door. Employee reports indicate that B. Bean closed the door on his sister's finger, but Regena McNeely-Bean was allegedly not looking at her children at the moment the accident happened, and the evidence is not conclusive. S. Bean was rushed to the hospital where doctors performed emergency surgery. Her finger injury may require further surgery, and it is possible that the growth plate was permanently damaged.

Plaintiffs Regena McNeely-Bean and Richard Kelly Bean, S. Bean's parents, filed a premises liability action against Defendant Wal-Mart Stores, Inc. ("Wal-Mart") on October 1,

1

2007. Plaintiffs seek recovery for pain and suffering, medical expenses, litigation expenses and costs, and interest. Wal-Mart is a foreign corporation with its principal place of business in Arkansas. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

## II. SUMMARY JUDGMENT STANDARD

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. FED. R. CIV. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Id.* Hearsay, conclusory allegations, unsubstantiated assertions, and unsupported speculation are not competent summary judgment evidence. F.R.C.P. 56(e)(1); *See, e.g., Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996), *McIntosh v. Partridge*, 540 F.3d 315, 322 (5th Cir. 2008); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1975 (5th Cir. 1994) (noting that a non-movant's burden is "not satisfied with 'some metaphysical doubt as to the material facts.'" (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

## III. PREMISES LIABILITY

### A. Standard

This Court is sitting in diversity, and the incident arose in Texas; consequently the Court will apply Texas law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). To establish a claim for premises liability under Texas law, Plaintiff must show:

a. the condition posed an unreasonable risk of harm;
b. actual or constructive knowledge of some condition on the premises by the owner/operator;
c. the owner/operator did not exercise reasonable care to reduce or eliminate the risk;
d. the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Keetch v. Kroger Co.*, 845 S.W.2d 262, 265 (Tex. 1992). *See also, CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000); *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex.1983). Defendant does not contest that it was the owner or occupier of the premises in question.

Defendant contends that it is entitled to summary judgment because the door in question did not constitute an unreasonably dangerous condition. Even if it did, Defendant argues that the condition was not the cause-in-fact of S. Bean's injuries. Plaintiffs claim that they have provided sufficient evidence to create an issue of material fact as to each of the elements of premises liability in Texas.

### 1. Unreasonable risk of harm

There is a genuine issue of material fact as to whether a condition existed on the premises that posed an unreasonable risk of harm. A condition presenting an unreasonable risk of harm is defined as "one in which there is sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen." *Seideneck v. Cal Bayreuther Associates*, 451 S.W.2d 752, 754 (Tex. 1970); *Keetch v. Kroger*, 845 S.W.2d at 267; *County of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002).

3

Foreseeability does not require that the exact sequence of events that produced an injury be foreseeable. *Corbin*, 648 S.W.2d at 296. "Instead, only the general danger must be foreseeable." *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). Stores open to the public contain many potential hazards that are not unreasonably dangerous. *See Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 408 (Tex. 2006) (holding that a sampling display at a grocery store is not, without more, an unreasonably dangerous condition). In general, the invitee's knowledge of the risk is relevant to the determination of her own negligence, not whether the store owner was negligent. *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d at 295 fn. 1. Unreasonable risk is measured on a reasonably prudent person, or objective standard. *Seideneck v. Cal Bayreuther Associates*, 451 S.W.2d at 754.

Plaintiffs contend that the bathroom door had an unreasonably dangerous pinch point, that is, there was no gap between the edge of the door and the door jamb on the hinge side. Plaintiffs argue that this pinch point presented a defective condition that was unreasonably dangerous. (Doc. No. 36, at 4.) Defendant argues that, even if the door was not foolproof, it was not necessarily unreasonably dangerous.

To support their contention, Plaintiffs' safety expert, Jason English, provided medical journal articles finding that doors with pinch points account for the majority of amputations in children, including a broad-based U.S. epidemiological study focusing on emergency room visits for amputation in children. (Doc. No. 36, BEAN-0259-0275.) Based on this article and others, he opined that the presence of a pinch point in a door poses an unreasonable risk of harm. Defendant responds that Regena McNeely-Bean did not view the door as dangerous until after the incident. (Doc. No. 14, Ex. C, 24:5-24:7.)

4

Defendant has admitted that the particular configuration of the door may have created the potential for customers to have their fingers pinched and injured in the door. (Dep. of Donald Edgar, Wal-Mart Corporate Representative, Doc. No. 36, Ex. C, at 50:12-50:16, 56:24-57:4.) Regena Mc-Neely-Bean's and Defendant's subjective understanding of the dangerousness of the door is not dispositive of the dangerousness of the risk. Based on this evidence and the journal articles presented, and construing the evidence in the light most favorable to the Plaintiffs, however, a reasonable jury could find that the door posed an unreasonable risk.

### 2. Defendant Knew or Reasonably Should Have Known of the Danger

To prove an action for premises liability, the plaintiff must establish that an owner either knew, or after reasonable inspection should have known, of an unreasonably dangerous condition. *Motel 6 G.P. v. Lopez,* 929 S.W.2d 1, 3 (Tex. 1996). A store owner's knowledge can be actual or constructive. *Keetch,* 845 S.W.2d at 265. Actual knowledge is what a person actually knows, whereas proof of constructive knowledge requires only that the condition existed long enough for the possessor to have discovered it upon reasonable inspection. *Id.* at 265-66. The fact that the store owner created the condition is circumstantial evidence of knowledge, but insufficient to decide as a matter of law that the owner knew of the condition. *Id.* To establish that a premises owner had constructive knowledge of the condition, a slip-and-fall Plaintiff must establish that "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece,* 81 S.W.3d 812, 814 (Tex. 2002).

Defendant admits that it likely chose and installed the stall doors, creating circumstantial evidence of knowledge. (Dep. of Edgar, Doc. No. 36, Ex. C, 40:13-40:20, 42:22-43:19.) In addition, Defendant also admits that one of the subjects of its safety training is door-related

5

injuries. (Doc. No. 36, Ex. C, 45:1-45:6, 46:7-46:14.) Defendant's employees, however, do not receive specific training with respect to the bathroom stall doors at issue.

Previous incidents involving the condition in dispute may help establish that defendant knew or should have known that the condition was dangerous. Where, however, the previous incidents are only tenuously connected to the specific incident at issue, the incidents do not establish knowledge. For example, in *Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 454-55 (4th Cir. 2004), the plaintiff, who had been struck by a falling mirror, claimed that the defendant store owner had constructive notice of the defective condition because there had been 18,000 similar incidents involving falling merchandise in its stores over the last few years. *Id.* at 453. The court rejected plaintiff's argument, because "such evidence is insufficient proof of actual or constructive notice under Virginia law; it only goes to whether the unsafe condition that produced her injury was foreseeable in general, not whether Wal-Mart had actual or constructive notice of the specific unsafe condition that injured her." *Id.*

Here, however, Plaintiffs provide a list of ten incidents involving injuries in bathroom doors at Wal-Mart stores within a 200 mile radius of Wal-Mart store #951 during the past three years. (Doc. No. 36, Ex. D.) Unlike the falling merchandise in *Hodge*, these prior incidents are not connected only tenuously to the incident at issue. Construing the facts in the light most favorable to the non-moving party, a reasonable jury could find that Wal-Mart was on notice of the danger of bathroom doors because of these previous incidents.

### 3. Defendant Failed to Exercise Reasonable Care to Reduce or Eliminate the Risk of Harm

When a possessor of land has actual or constructive knowledge of any condition on the premises that poses an unreasonable risk of harm to invitees, it has a duty to take whatever action

6

is reasonably prudent under the circumstances to reduce or to eliminate the unreasonable risk from that condition. *Wal-Mart Stores, Inc. v. Miller*, 102 S.W.3d 706, 709 (Tex. 2003). A licensee must prove that she did not actually know about the dangerous condition. *See Wal-Mart Stores, Inc. v. Miller*, 102 S.W.3d at 709 (holding that where licensee noticed boxes on wet stairs and a coworker warned him of the boxes, he was on notice of the dangerous condition such that Wal-Mart was relieved of its duty to warn). Defendant does not address this issue. Assuming that the door posed an unreasonable risk of harm, neither party has provided any evidence that Defendant took reasonable care to eliminate or reduce this risk.

### 4. Defendant's Breach Proximately Caused the Plaintiff's Injuries

To prove an action for premises defect, the invitee must establish that the defendant's lack of care proximately caused his injuries. *Plainview Motels, Inc. v. Reynolds*, 127 S.W.3d 21, 32 (Tex. App.-Tyler 2003, writ denied). The components of proximate cause are (1) cause-in-fact and (2) foreseeability. *Id., citing Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992).

Defendant argues that the sole proximate cause was S. Bean's brother, who shut his sister's finger in the door hinge. Plaintiffs respond that the pinch point was a substantial cause of S. Bean's injuries.

### a. Cause-in-Fact

The test for cause-in-fact is whether the negligent act or omission was a substantial factor in bringing about the injury and without which the injury would not have occurred. *Travis v. City of Mesquite*, 830 S.W.2d at 98. Cause-in-fact cannot be established if the defendant's negligence did no more than furnish the condition which made the injury possible. *Western Investments, Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005); *Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995); *Bell v. Campbell*, 434 S.W.2d 117, 121 (Tex. 1968) (discussing

concurring causes). Cause-in-fact is not shown when the defendant's conduct is too remotely connected with the plaintiff's injury to constitute legal causation. *Reynolds,* 127 S.W.3d at 32.

Defendants cite an unpublished case in which a child's fingers were injured in a door. The court found that the restroom door's mechanical closing process did no more than furnish the condition that made the injuries possible. *Hardin County v. Smart,* 2006 WL 2789078, *5 (Tex.App.-Beaumont 2006, n.w.h.) *Hardin* is distinguishable from the facts at bar. The configuration of the door at issue in *Hardin* is unknown. In this case, Plaintiffs' expert testified via his report that, had the bathroom door contained a gap with up to 7/16 inch space between the door and the fixed partition panel, the child's finger would not have been crushed even if the door had been shut on it. (Doc. No. 36, Ex. BEAN0023.) Consequently, a reasonable jury could conclude that the particular pinch point in the door at issue was a cause-in-fact of the injury.

### b. Foreseeability

To establish foreseeability, the plaintiff must prove that "the injury be of such a general character as might reasonably have been anticipated; and that the injured party should be so situated with relation to the wrongful act that injury to him or to one similarly situated might reasonably have been foreseen." *Mellon Mortg. Co. v. Holder,* 5 S.W.3d 654, 655 (Tex. 1999); *see also County of Cameron v. Brown,* 80 S.W. 3d 549 (Tex. 2002). To prove foreseeability, the plaintiff must establish that the general danger, not the exact sequence of events, is foreseeable. *Walker v. Harris,* 924 S.W.2d 375 (Tex. 1996). Defendant does not admit, but does not specifically dispute, Plaintiffs' contention that the harm was foreseeable. Based on the foregoing, the Court finds that a reasonable jury could conclude that the danger from the pinch point in the bathroom stall door was foreseeable.

### III. CONCLUSION

Because there is a genuine issue of material fact as to whether a dangerous condition existed on Defendant's premises, as to whether Defendant had actual knowledge of that condition, and as to whether the door was a cause-in-fact, Defendant's Motion for Summary Judgment is **DENIED**. (Doc. No. 14.)

**IT IS SO ORDERED.**

**SIGNED** this 8th day of December, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE